UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN GURRIERI,

                              Plaintiff,        <u>MEMORANDUM AND ORDER</u>

    -against-                                 CV 11-3703 (LDW) (ETB)

CABLEVISION SYSTEMS CORPORATION,

                              Defendant.
------------------------------------------------------------X
WEXLER, District Judge

       Plaintiff John Gurrieri ("Gurrieri") brings this action against defendant Cablevision Systems Corporation ("Cablevision") asserting claims for (1) discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C.R.R. § 8-101 *et seq.*; and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Cablevision moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Gurrieri opposes Cablevision's motion, except as to the NYCHRL claims, and he cross-moves for partial summary judgment under FRCP 56 on the FMLA claims.

       Upon consideration, the Court finds that genuine disputes of material fact exist precluding the entry of summary judgment on the ADA and NYSHRL claims. *See* Fed. R. Civ. P. 56(a) (party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994). These disputed issues include, *inter alia*, whether Gurrieri suffered from a disability or was perceived to be disabled under the ADA and/or NYSHRL; whether Cablevision's proffered reason for termination was a pretext for disability discrimination; and whether any such disability was a motivating factor in Gurrieri's termination.

Regarding the cross-motions on the FMLA claims, the Court finds that genuine disputes of material fact exist precluding the entry of summary judgment for either party. *See* Fed. R. Civ. P. 56(a).

Accordingly, Cablevision's motion is granted as to the NYCHRL claims and denied as to the ADA, NYSHRL, and FMLA claims; and Gurrieri's cross-motion on the FMLA claims is denied.

SO ORDERED.

                                                /s/
                                   LEONARD D. WEXLER
                                   UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 29, 2013